## SANGER *v.* SEYMOUR and others.

*(Circuit Court, S. D. New York.* November 4, 1885.)

REMOVAL OF CAUSE—CITIZENSHIP—EVIDENCE.

From 1845 until 1883 plaintiff's home was in Brooklyn, New York, with the exception of about five years, when he resided at Bay Side, Long Island. In the spring of 1883 he purchased a farm at Greenwich, Connecticut, for a summer home. From 1883 until November, 1884, he resided in New York city, spending Sundays and the summer with his family at Greenwich. From November, 1884, till May, 1885, he occupied appartments with his family in New York city. In May he returned to Greenwich for the summer, expecting to occupy his city apartments in the fall. He never voted except in New York, and he claimed that he always had been, and intended to be in the future, a citizen of New York. In April, 1885, he brought suit in a state court in New York against defendants, citizens of New York, who removed the case to the United States court on the ground that plaintiff was a citizen of Connecticut. *Held,* that the plaintiff was not a citizen of Connecticut, but of New York, and that the case should be remanded to the state court.

Motion to Remand Cause.

*B. F. Watson,* for plaintiff.

*Hawkesworth & Rankine,* for defendants.

COXE, J. This action was removed from the supreme court of New York to this court by the defendants upon the ground that the controversy is between a citizen of Connecticut on the one side and citizens of New York and New Jersey on the other. The plaintiff now moves to remand. The sole question to be determined is: Was the plaintiff a citizen of New York or Connecticut in the spring of 1885? He alleges that from 1845 until 1883 his home was in the city of Brooklyn with the exception of about five years, when he resided at Bay Side, Long Island. In the spring of 1883 he purchased a farm at Greenwich, Connecticut, for a summer home. From the spring of 1883 until November, 1884, he resided in New York city, spending Sundays and the summer months with his family at Greenwich. From November, 1884, till May, 1885, (this action being commenced in April, 1885,) he occupied apartments with his family in New York city. In May he returned to Greenwich for the summer, expecting again to occupy his city apartments in the fall. He alleges that he has never voted except in the state of New York, and that he always has been, and intends to be in the future, a citizen of this state.

The defendants, in opposition to the motion, show that the plaintiff executed a mortgage upon his Connecticut property in the fall of 1883, in which he is described as a resident of Greenwich. The conveyancer, however, explains the apparent contradiction by saying that he alone is responsible for the statement in the mortgage; that he drew it without direction from the plaintiff, and recited the plaintiff's residence upon an erroneous and unauthorized assumption of his own. The defendants, also, swear to declarations of the plaintiff inconsistent with his present assertion of citizenship. It is generally true, and this case is hardly an exception, that where a disputed question

of fact is to be determined upon affidavits, the papers are full of vague and evasive allegations. Many important averments are upon information and belief. Proofs and presumptions are ingeniously intermingled. Facts which should appear are omitted, and facts which should not appear are stated. Indeed, the court is often confronted with such a wilderness of irreconcilable contradictions that a doubt not infrequently arises as to the correctness of the aphorism of the English jurist that "truth will leak out even from an affidavit."

Regretting that this question must be determined upon testimony so incomplete and unsatisfactory, I am convinced that the weight of evidence is with the plaintiff. There is no direct proof that he went to Connecticut *animo manendi*. He positively denies that he changed his domicile, and asserts that he always intended to remain a citizen of New York. He is supported in this declaration by a number of collateral facts and circumstances. His case is, it would seem, not unlike that of many of the citizens of the metropolis who spend the summer months at their villas along the Connecticut and Rhode Island coasts. Though they remain away from the city the greater part of the year, they do not, therefore, lose their citizenship. It may be conceded that the question is not free from doubt, but to doubt in such circumstances is to remand the case to a tribunal which unquestionably has jurisdiction. *Levy* v. *Laclede Bank*, 18 Fed. Rep. 193; *Gribble* v. *Pioneer Press Co.*, 15 Fed. Rep. 689; *Wolff* v. *Archibald*, 14 Fed. Rep. 369. Should the court retain jurisdiction, this question, under the provisions of the fifth section of the act of March 3, 1875, may again assert itself in a manner which will prove disastrous to the interest of both parties.

The motion is granted.